| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/2/2020 |
| UNITED STATES OF AMERICA<br><br>-v-<br><br>HAPOALIM (SWITZERLAND) LTD.,<br><br>Defendant. | 20 Cr. 00262-MKV |

### ORDER

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act, P.L. No. 116-136 ("CARES Act") became law allowing for video or telephonic proceedings for pleas and sentencing if certain findings were made by the Judicial Conference of the United States, the Chief Judge for a District Court, and the Judge in each individual case. As required by the CARES Act, on March 29, 2020, the Judicial Conference of the United States found that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, *et seq.*) with respect to the Coronavirus Disease 2019 ("COVID-19") materially affected the functioning of the federal courts. On March 30, 2020, the Chief Judge of the Southern District of New York issued a standing order specifically finding that felony pleas and felony sentencings could not "be conducted in person without seriously jeopardizing public health and safety," and therefore that video or teleconferencing "may be used in such proceedings with the consent of the defendant . . . upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice." Standing Order M10-468, No. 20-mv-00175-CM.

On April 30, 2020, this Court held a telephonic plea and sentencing hearing for Defendant Hapoalim (Switzerland), Ltd. ("BHS") in the above-captioned action. At that hearing,

this Court found that the proceeding should go forward telephonically for the reasons specified on the record at the hearing.

The Court hereby finds, *nunc pro tunc*, that the April 30 hearing could not have been delayed without serious harm to the interests of justice for the following additional specific reasons.

First, "[a]ny unnecessary delay . . . is against the interests of justice." *Daniels v. City of New York*, 138 F. Supp. 2d 562, 565 (S.D.N.Y. 2001). Delay in this case would have been unnecessary, and thus against the interests of justice, as BHS and the Government had already entered into a plea agreement with an agreed-upon sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c) and BHS was willing to (and did) waive its right to be present for its plea hearing and sentencing.

Second, in light of the continued international air travel restrictions attributable to COVID-19, failure to permit a telephonic hearing would have caused the delay in this case to have been substantial, and likely still ongoing, as an in-person hearing would have required a corporate representative from BHS to travel from Switzerland or Israel to the United States.

Third, delay would have prejudiced BHS and its parent company, Bank Hapoalim B.M. ("BHBM"), as well as its shareholders and other stakeholders. Delay would have interfered with BHS's plan to wind down its operations and surrender its banking license. Further, BHBM had made certain required public securities disclosures regarding the resolution of the investigations prior to the hearing, and having the investigation remain close to resolution, but not finalized and approved, would have created considerable uncertainty for shareholders and the investing public.

Fourth, delay would have caused significant prejudice to the interests of the Government by delaying (1) the return of substantial funds to the public fisc and (2) the imposition of the

significant cooperation obligations set forth in the plea agreement, which are of value to the Government's ongoing law enforcement objectives.

Fifth, delay would have made it impossible for the parties to coordinate the resolution of this case with the resolutions of parallel investigations of BHS and BHBM by other governmental agencies relating to the same conduct.

**SO ORDERED:**

_____
Honorable Mary Kay Vyskocil
United States District Judge

Dated: October 2, 2020
       New York, New York